STEPHEN SMITH et al., as Executors, etc., Appellants, *v.* THE    |145  649|
TOWN OF GREENWICH, Respondent.*    |145  654|

(Argued March 22, 1895; decided April 9, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made July 14, 1894, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term overruling plaintiff's demurrer to the answer and dismissing the complaint.

The following is the opinion in full :

" The plaintiffs served an ambiguous complaint. That is the way in which they encountered defeat and the cause of their principal trouble. Their argument here goes upon a denial of that ambiguity, after having admitted it upon the trial, and having refused to remove it when it was explicitly pointed out. The complaint was so drawn as to admit of a construction that the action was to recover interest due and payable upon the sealed bonds of the town of Greenwich issued in aid of a railroad construction. But, regarded as specialties, the instruments were exposed to certain possible objections. The complaint shows that six thousand and five hundred dollars of the bonds were issued before May 12th, 1871, and, therefore, although the commissioners were duly and lawfully appointed, were authorized to borrow the money and to bind the town to its re-payment, they were, nevertheless, specifically limited to the issue of bonds payable in thirty

---

* Reported below, 80 Hun, 118.

years, and they made the mistake of executing them maturing in twenty years. The balance of thirty-three thousand and five hundred dollars were issued after May 12th, 1871, and when, by an amended act, it was lawful to make the securities payable within any period less than thirty years. But that amendment of the law which made the twenty years' credit permissible imposed another condition which was that the commissioners should not issue the bonds so as to make more than ten per cent of the whole loan fall due in any one year. The question of the liability of the town had three times been before this court anterior to the commencement of this action and the preparation of the complaint therein. (*Potter* v. *Town of Greenwich*, 92 N. Y. 662; *Brownell* v. *Town of Greenwich*, 114 id. 518; *Hoag* v. *Town of Greenwich*, 133 id. 152.) In the last case it was conceded for the purposes of the argument, but without either discussing or deciding the point, that the twenty-year bonds, issued when the law required a credit of thirty years, were for that reason void as securities; but, it was held that, disregarding them, the town was still liable upon an implied contract to pay principal and interest of the money loaned. That was the legal situation when the present complaint was drawn. The pleader observed that if for any reason the power to issue bonds, concededly existing, was imperfectly or unlawfully executed, there still would remain a right of action founded upon the authorized and completed loan, and resting upon an implied contract of re-payment. Observing that fact he drew his complaint with a double aspect. He sets out the bonds and the precedent facts necessary to make them authorized; but beyond that he carefully pleads the loan of the money to the town in good faith, its receipt and use of the money for the permitted purposes and the failure to pay after demand. All the elements of an action on an implied contract, irrespective of the sealed bonds, were fully and carefully supplied, and they entered into and formed part of what was pleaded as one single and complete cause of action. When the defendant answered, it had to face this ambiguity, and come prepared for either attitude which might be assumed. Regarding the complaint as a suit on the bonds, it alleged defenses aimed at a destruction of

their validity. Regarded as an action on an implied contract to recover interest payable on the money loaned, the defense of the six-year and the ten-year Statute of Limitations was interposed. To those defenses the plaintiffs demurred. The defendant's brief asserts, and the facts were not denied or questioned on the argument, that at the first trial the defendant's attorney, in open court, offered to stipulate that he would strike out the defenses demurred to, if plaintiffs' attorney would stipulate to recover only on the bonds as valid contracts under seal, or on a cause of action to which the six or ten years' statutes would not be a defense, and the court said openly that an order would be granted sustaining the demurrer if such stipulation should be made. The ambiguity of the complaint, its double aspect, thus came very plainly to the surface. The plaintiffs were charged with it, were asked to remove it, were offered immunity from the pleas of the statute if the ambiguity should be ended, but they steadily and persistently refused. The demurrers were overruled, and thereupon judgment was rendered for the defendant dismissing the complaint. Why that was done the record before us does not show, and it is not material to inquire, since no question is raised here, except over the sufficiency of the pleas and the overruling of the demurrers.

"It is at this point it seems to me that the learned counsel for the plaintiffs makes his mistake. He says that as to the sixty-seven bonds issued after May 12th, 1871, there has never been in this court any adjudication of their invalidity and we have always treated them as valid. That is entirely true and the General Term is mistaken in saying that we have ever held them to be void. But what then? The reply of the learned counsel is that he should have recovered upon them as specialties. I think so too, so far as the facts have come to our knowledge, though we do not so decide; but whose fault is it that there was no such recovery, and how is any such question before, us? When the demurrers were overruled the trial must have proceeded in some manner upon the issues joined. The plaintiffs were at liberty to prove their bonds, the defendant at liberty to establish their invalidity, quite possibly even by some new proof of which we had never

heard and upon which we had never passed. What took place we do not know. The record before us discloses nothing but a judgment for the defendant on the merits. It may have been very wrong, but how can we inquire into it? By what process can we say that the court erred in rendering it when we know nothing of what was proved or admitted on the trial? The only alleged error brought to our notice is the ruling on the demurrer. Beyond that we are necessarily ignorant of what occurred. Something may have been proved or admitted in open court which justified the judgment rendered and showed the bonds to be invalid outside of any previous ruling of ours. The decision on the demurrer is before us. The material on which to consider it is presented, but the judgment for the defendant on the merits is brought here, bare and lonesome, and without anything showing it to have been erroneous. It is not necessarily wrong: it may have been entirely right, and no question about it is here for our review. The inevitable inference from what we do know is that plaintiffs regarded the pleas of the Statute of Limitations as fatal, if those pleas stood, and periled the entire result on the decision of the demurrers. Why they did so we are not required to explain or even to understand.

"The learned counsel says also that this court did not decide in the *Hoag* case that the bonds issued before May 12th, 1871, were void. That also is true. We assumed their invalidity for the sake of the argument because, conceding so much, we thought there could still be a recovery and put the decision upon the ground of an implied contract. We did so for the reason that we had grave doubts of the validity of those bonds considered as securities, and have such doubts still. The question differs from that decided in *City of Quincy* v. *Warfield* (25 Ill. 317). There the bonds bore twelve per cent interest when the statute only permitted eight, and the court held the bonds good *pro tanto*. An illegal excess was to be cut off. But here something not in the bonds was to be added, viz., an additional credit of ten years. But, again, that question is not before us, and we are not required to consider or discuss it. The same thing also is true of the further contentions that a suit on the coupons is a

suit on the bonds because they partake of the nature of the specialty, and that the bonds themselves in spite of the error they contained were good for all purposes except the term of credit. For there are in the record no findings either of fact or law and no request for either, no objections of any kind and not a single exception; in other words, nothing upon which error could be predicated. Nevertheless the question of the demurrer and the validity of the pleas may be regarded as submitted to us by the common consent of both of the litigating parties.

"There is thus only the one question presented, whether the court should have stricken out the pleas of the Statute of Limitations. They were a good and complete and perfect defense to the cause of action pleaded which rested on an implied contract. If plaintiffs, nevertheless, could under the same pleadings and in spite of the pleas have recovered on the bonds as specialties they should at least have tried to do so, should have presented their proofs and arguments, asked rulings and taken exceptions, instead of apparently consenting to a final judgment against themselves on the merits simply because their demurrer was overruled. The ambiguity of the complaint was not the defendant's fault. It had the right to plead all the defenses it had in either aspect of that complaint, and when it offered to withdraw those pleas if the plaintiffs would stand solely upon their bonds the latter have only themselves to blame for the refusal.

"The record discloses no error and the judgment should be affirmed, with costs."

*Brainard Tolles* for appellants.

*Charles C. Van Kirk* for respondent.

FINCH, J., reads for affirmance.
All concur.
Judgment affirmed.